MARSHA L. McCARTHY *vs.* ALPHONSUS E. McCARTHY, JR. April 4, 1983. The parties were divorced on September 21, 1978, and the defendant at that time was ordered to pay $85.00 per week for the support of the minor children and to pay their reasonable medical and dental expenses. Subsequently, on September 28, 1979, the plaintiff brought a complaint for contempt on the standard form (see Mass.R.Dom.Rel.P. Form 103 [1975]), alleging that the defendant had failed to pay support for the weeks of May 25, 1979, through September 28, 1979, and that there remained "due and unpaid to [the] plaintiff the sum of $1,445.00 plus such further amounts as may accrue to the date of hearing." On December 11, 1980, the judge referred the matter to a master. After two days of hearings, the master filed his report on February 17, 1981. The master found that the defendant had the ability to pay the weekly support order but had intentionally and wilfully failed to do so. The master further found that the defendant was in arrears in the amount of $7,225.00 for the period from May 25, 1979, to January 12, 1981, the date of the last hearing before the master. A motion to adopt the master's report was filed on February 26, 1981, but not allowed by the judge until September 29, 1981. Judgment of contempt did not enter until February 16, 1982. In the judgment, the defendant was ordered to pay $11,815.00, a period that covered from May 21, 1979, to February 16, 1982, the date on which judgment was entered. The record does not disclose any hearing on the contempt complaint after January 12, 1981, the last hearing before the master.

1. The defendant's contention that the master erred in not modifying the judgment because of changed circumstances is without merit. By the terms of G. L. c. 208, § 37, it is the court, not the master, that "may . . . revise and alter *its* judgment" (emphasis added). In any event, after the appeal was entered in this court, a probate judge heard evidence on a motion for modification filed by the defendant. There is nothing before us in regard to that matter.

2. The master's ultimate finding that the defendant had the ability to pay the support order but had wilfully and intentionally failed to do so is amply supported by the master's subsidiary findings.

3. The complaint gave the defendant adequate notice of the charges against him prior to the hearing. *Sodones* v. *Sodones,* 366 Mass. 121, 128 (1974). He knew by the complaint that he was charged with failing to

comply with the court order, dated September 21, 1978, which ordered him to pay support of his minor children in the amount of $85.00 for the weeks of May 25, 1979, through September 28, 1979, and that there remained "due and unpaid to [the] plaintiff the sum of $1,445.00 *plus such further amounts as may accrue to the date of hearing*" (emphasis added). The judge committed error, however, in ordering judgment to issue for arrearages that occurred after January 12, 1981, the date of the last hearing on the matter.

The judgment is modified so as to state the amount due as of January 12, 1981, is $7,225.00, and as so modified, the judgment is affirmed.

*So ordered.*

*Neil M. Kerstein* for the defendant.
*George M. Tull* for the plaintiff.